Rios *v.* Foote, Judge of the District Court, et al.

Application for a Writ of Prohibition.

No. 1.—Decided May 8, 1906.

Jurisdiction—Execution of Judgment.—It is a general rule that a judge who has jurisdiction of an action has jurisdiction to execute the judgment therein rendered, and to take jurisdiction of any incidental issue which may arise in connection with the execution of the judgment.

Writ of Exhibition—When the Same Will Issue.—The writ of prohibition will issue to stay proceedings prosecuted before an inferior court, where such court is without jurisdiction, but cannot be resorted to in cases where the court, with jurisdiction, has erroneously followed the wrong procedure.

Costs—Attorneys' Fees—Proceeding for Recovery Thereof.—Attorneys' fees, like expenses in a suit and costs incurred prior to July 1, 1904, when the Code of Civil Procedure now in force went into effect, must be collected under the procedure provided for by articles 420 *et seq.* of the old law of procedure, and an action to recover fees, expenses and costs incurred after said date must be prosecuted under provisions of the new Code of Civil Procedure.

Proceeding—Retroactive Effect.—The new Code of Civil Procedure is not applicable to acts performed under the old law of procedure, because laws are not retroactive except where they expressly so provide.

The facts are stated in the opinion.

*Messrs. Dexter, Vías Ochoteco and Hernández Usera* for petitioner.

*Messrs. Foote, judge, and López Landrón* for respondent.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

Attorneys Francis H. Dexter, Juan Vías Ochoteco and José Hernández Usera, on behalf of María Rios, widow of Rubio, filed a petition in this Supreme Court for a writ of prohibition commanding Charles E. Foote, judge of the District Court of Humacao; Enrique Rincón, clerk of the same; and Attorney Rafael López Landrón to cease the prosecution, until further order of the Supreme Court, of the proceedings instituted in said district court by the said Rafael López Landrón, for the recovery by compulsory process under the former law of civil procedure, of an account for fees earned by said attorney, as counsel for the Estate of Bustelo, in the proceedings prosecuted against it and Petronila Patricia Rios de Noya by María Rios, widow of Rubio, relating to the administration of property, in which proceedings this Supreme Court rendered judgment on December 24, 1904 (7 P. R. Rep., p. 584), affrming that of the lower court, with the costs of the appeal against the plaintiff, María Rios, widow of Rubio.

The writ of prohibition prayed for having issued and a day having been set for the hearing upon the application, such hearing was had with the attendance of the parties, each alleging what he deemed proper.

The petitioners allege that the former Law of Civil Procedure having been repealed by the new Code of Civil Procedure which went into effect on July 1, 1904, the procedure established by the old law for the recovery of costs and counsel fees should also be understood as repealed since said date and substituted by the procedure established by the new Code, and, consequently, that the judge of the District Court of Humacao was without jurisdiction to order that the fees of

Attorney López Landrón should be collected under the old laws of procedure which had already been repealed.

But it appears to us that this reasoning is wrong. The Humacao judge may have erred in adopting the old procedure instead of the modern procedure to enforce payment of the fees of Attorney López Landrón; but it could not be deduced therefrom that he lacked jurisdiction in the matter, which neither by reason of the subject nor of the persons ceases to be under his jurisdiction as was the principal matter from which the incidental question arose. It is a general rule that a judge who is of competent jurisdiction to take cognizance of an action is also competent to take cognizance of the execution of the judgment rendered in such action, and, consequently, to take cognizance of any incidental issue which may arise in connection with the execution of the judgment rendered.

The Act of March 10, 1904, authorizing writs of prohibition, defines such writ to be a writ issued by a superior court directed to the judge and parties to a suit in an inferior court, commanding them to cease from the prosecution of the same, upon a suggestion that the cause originally, or some collateral matter arising therein, does not belong to that jurisdiction, but to the cognizance of some other court; and as this is not under discussion now, but whether the judge of Humacao has erred in the prosecution of the proceedings for the recovery of the fees of Attorney López Landrón, by following the old instead of the modern procedure, we find that from this point of view the writ of prohibition sought by the petitioners does not lie.

Aside from this which appears to us beyond doubt, and passing to the main issue involved in this appeal, we find that this Supreme Court has already established precedents in the matter.

By decisions of December 24, 1904 (7 P. R. Rep., p. 584), and February 19, 1906, rendered respectively in the cases of *María Rios, widow of Rubio,* v. *Petronila Patricia Rios de*

*Noya and the Estate of Bustelo,* involving the administration of property, which is exactly the matter from which appeal under consideration is derived, and in the case of *Sobrino de Portilla* v. *Nicolas Quiñones Cabezudo* (*ante,* p. 185) for the recovery of a sum of money, this Supreme Court held that the new Code of Civil Procedure having gone into effect on July 1, 1904, both the fees of counsel earned prior to that date and the costs incurred previous thereto, should be collected under the procedure established in articles 420 *et seq.* of the old law of procedure, as against those earned and incurred subsequently to said date, which were to conform to the provisions of the new Code of Civil Procedure; and as there is no plausible reason to modify this doctrine in this case, because no legal right is annulled thereby in this case, inasmuch as this court has already held as a ground for its doctrine, that the new Code of Civil Procedure cannot be applied to acts performed under the old law of procedure, because laws cannot have a retroactive effect, unless they should expressly provide otherwise; and because in any case if the petitioner had any objection to make to the account for fees presented by Attorney López Landrón, she had a right to do so at the incidental proceedings opposing the same which she had already instituted prior to the filing of this petition, as appears from the order of Judge Foote, directing the reference of the matter to Messrs. Rossy and Texidor, whom he appointed experts to settle the objection made by the said widow of Rubio; for all these reasons, the undersigned is of the opinion that the application of María, widow of Rubio, should be denied, with the costs against the petitioner.

- *Dismissed.*

Justices Hernández, MacLeary and Wolf concurred.